UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| ARLINE COHEN, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | Civil No. 08-130-P-S |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant | ) | |

### RECOMMENDED DECISION ON PLAINTIFF'S MOTION FOR ATTORNEY FEES

The plaintiff applies for an award of attorney fees pursuant to the Social Security Act, specifically 42 U.S.C. § 406(b), after securing an award of past-due benefits before the commissioner following remand of the instant Social Security Disability ("SSD" or "Title II") case by this court. Motion for Award of Section 406(b) Attorney Fees ("Motion") (Docket No. 19) at 1. I recommend that the motion be granted.

The Notice of Award of benefits specifies that 25% of the award be withheld for attorney fees, resulting in the withholding of $31,855.75. *Id*. This is in accordance with the fee agreement executed by the plaintiff with her current attorney. *Id*. The plaintiff and the defendant stipulated to an award of fees pursuant to the Equal Access to Justice Act ("EAJA") in the amount of $2,720, which counsel for the plaintiff will refund to the plaintiff if the current request is approved. *Id*. at 2.

The plaintiff requests an award of fees pursuant to 42 U.S.C. § 406(b) in the amount of $8,000. *Id.* Her attorney has also applied to the Social Security Administration for a fee of

1

$5,000 for work performed before the defendant after the remand.  *Id*.  This would result in a net fee to the plaintiff's attorney of $10,280,[1] far less than the 25% authorized by the fee agreement.  The defendant "does not object to the number of hours sought or the hourly rate given the contingent nature of the fee agreement in this case."  Defendant's Response to Plaintiff's Motion for Award of Section 406(b) Attorney Fees (Docket No. 20) at 1.

Section 406 provides, in relevant part:

> Whenever a court renders a judgment favorable to a claimant under this subchapter [*i.e.*, Title II] who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment[.]

42 U.S.C. § 406(b)(1)(A).

The court has authority to award court-related fees pursuant to section 406(b), even though the benefits award itself was made by the commissioner on remand.  *See, e.g.*, *Horenstein v. Secretary of Health & Human Servs.*, 35 F.3d 261, 262 (6th Cir. 1994) (joining majority of circuits – including First Circuit – in ruling, *inter alia*, that "in cases where the court remands the case back to the [commissioner] for further proceedings, the court will set the fee – limited to 25 percent of past-due benefits – for the work performed before it, and the [commissioner] will award whatever fee the [commissioner] deems reasonable for the work performed on remand and prior administrative proceedings").

The procedure proposed here by the plaintiff's attorney – refunding of the EAJA fee to the claimant upon receipt of a section 406(b) fee – has been approved by the Supreme Court.  *Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002).

---

[1] The plaintiff states that the result will be $10,580, Motion at 2, but my arithmetic generates a slightly lesser figure ($8,000 + $5,000 - $2,720 = $10,280).

The commissioner's lack of objection to this request is not determinative. Because the money at stake in a section 406(b) request comes not out of the commissioner's pocket but rather that of the claimant, the court has an independent duty to satisfy itself that a section 406(b) contingent fee is "reasonable[.]" *Id*. at 807. While the outer boundaries of a test of "reasonableness" are difficult to plot, reduction in the amount that otherwise would be payable pursuant to a contingent fee agreement between a claimant and her attorney is appropriate to the extent that (i) counsel's conduct is improper or representation substandard; for example, an attorney is responsible for a delay that has caused an accumulation of past-due benefits, or (ii) the benefits are disproportionate in relation to the amount of time counsel spent on the case (thereby resulting in a windfall). *See id*. at 808; *Rodriguez v. Bowen*, 865 F.2d 739, 746-47 (6th Cir. 1989) (cited with favor in *Gisbrecht*, 535 U.S. at 808).

The requested fee award is reasonable in the circumstances. The grant of the motion will provide the plaintiff's attorney with an amount consistent with fees awarded pursuant to section 406(b) in other cases in this court. *See, e.g., Doucette v. Astrue*, 2009 WL 2824749 (D. Me. Aug. 27, 2009), at *3 (and cases cited therein).

For the foregoing reasons, I recommend that the motion for award of attorney fees be **GRANTED**, resulting in an attorney fee award pursuant to 42 U.S.C. § 406(b) of $8,000, subject to the return to the plaintiff by her attorney of the amount of $2,720 in EAJA fees.

### *NOTICE*

*A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which <u>de</u> <u>novo</u> review by the district court is sought, together with a supporting memorandum, within ten (10) days after being served with a copy thereof.  A responsive memorandum shall be filed within ten (10) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.*

Dated this 28th day of September, 2009.

/s/ John H. Rich III
John H. Rich III
United States Magistrate Judge